**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KANTEE W. JACOBS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TRENT ALLEN, et al.,<br><br>　　　　　Respondents. | NO. CV 22-3651-MEMF (KS)<br><br>ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |

**INTRODUCTION**

On October 6, 2021, Kantee W. Jacobs ("Petitioner"), a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Northern District of California. (Dkt. No. 1.) Because Petitioner seeks release from custody, he was ordered to file a habeas petition under 28 U.S.C. § 2254. (Dkt. No. 5.) On March 21, 2022, Petitioner filed the operative Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 6 (the "Petition").) On May 26, 2022, this action was transferred to the Central District of California because Petitioner is challenging a conviction he received in the Los Angeles Superior Court. (Dkt. No. 7.)

1

In the Petition, Petitioner challenges a 2009 state court conviction for first degree burglary. (*See* Petition at 1-2.) This Court previously denied a prior habeas petition filed by Petitioner challenging the same conviction. (*See Kantee Wreh Jacobs v. Anthony Hedgepeth*, No. CV 11-7463-PSG (FFM) (C.D. Cal. 2011), Dkt. Nos. 1 (the "2011 Petition"), 12, 18, 19.)[1] The 2011 Petition challenged the state court decisions affirming his 2009 first degree burglary conviction and three-strikes sentence. (*See* 2011 Petition.) On November 13, 2012, this Court denied Petitioner's 2011 Petition on the merits and entered judgment dismissing the action. (*Id.*, Dkt. Nos. 12, 18, 19.) For the reasons set forth below, the Petition must be, and is, DISMISSED as an unauthorized second or successive petition. 28 U.S.C. § 2244(b).

**BACKGROUND**

Petitioner is in state custody pursuant to a 2009 first degree burglary conviction in the Los Angeles Superior Court. (*Kantee Wreh Jacobs v. CDCR et al*, No. CV 21-5673-PSG (KS) (C.D. Cal. 2021), Dkt. No. 10-4 at 11.) In a bifurcated proceeding, the jury found true allegations that Petitioner suffered two prior first degree burglary convictions within the meaning of California Penal Code sections 1170.12(a)-(d), 667(b)-(i) (California's three strikes law), and 667(a)(1). (*Id.* at 13-14.) On August 17, 2009, the trial court sentenced Petitioner to thirty years to life in state prison. (*Id.* at 14.) Petitioner appealed his judgment of conviction and sentence to the California Court of Appeal, and that court affirmed the judgment in full on September 20, 2010 (case no. B218505). (*Id.*, Dkt. No. 10-1.) The Supreme Court denied review on November 23, 2010 (case no. S187464). (*Id.*, Dkt. No. 10-3.)

As noted above, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his 2009 conviction in this Court on September 9, 2011. (2011 Petition.) There, Petitioner raised two claims: a violation of his *Miranda*[2] rights, and a constitutional challenge to his sentence on

---

[1] A federal court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).
[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

the ground that his two prior first degree burglary convictions arose out of the same event and should not both have counted as "strikes" under California's three strikes law. (*See id.*) The Court denied Petitioner's claims on the merits and entered judgment dismissing the action on November 13, 2012. (*Jacobs*, No. CV 11-7463-PSG (FFM), Dkt. Nos. 12, 18, 19.)

On July 13, 2021, Petitioner filed another Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*Jacobs*, No. CV 21-5673-PSG (KS), Dkt. No. 1 (the "2021 Petition").) In the 2021 Petition, Petitioner argued, *inter alia*, that he should be eligible to benefit from the provisions of California's Proposition 57.[3] (*Id.* at 5-6.) This Court dismissed the 2021 Petition as an unauthorized second or successive petition on October 29, 2021. (*Id.*, Dkt. Nos. 18-19.)

The instant Petition, like the 2011 Petition and the 2021 Petition, challenges Petitioner's 2009 first degree burglary conviction. (Petition at 1.) In particular, Petitioner again contends that he qualifies for relief pursuant to California's Proposition 57. (*Id.* at 5.)

## DISCUSSION

As discussed above, in 2011 Petitioner filed a prior habeas petition in this Court. The 2011 Petition attacked Petitioner's 2009 first degree burglary conviction and was dismissed with prejudice in 2012. (*Jacobs*, No. CV 11-7463-PSG (FFM), Dkt. Nos. 12, 18, 19.) Habeas petitioners generally may file only <u>one</u> federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition), and § 2244(b)(2) (courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier § 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029

---

[3] Proposition 57, approved by California voters in November 2016, added language to the California Constitution providing: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." *In re McGhee*, 34 Cal. App. 5th 902, 905 (Cal. Ct. App. 2019).

3

(9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive).

However, exceptions to the rule exist. See 28 U.S.C. § 2244(b)(2). For example, a claim presented in a second or successive habeas corpus application shall not be dismissed if the factual predicate for the claim could not have been discovered previously through the exercise of due diligence <u>and</u> the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2244(b)(2)(B). Nevertheless, even when § 2244(b) provides a basis for pursuing a second or successive § 2254 habeas petition, state habeas petitioners seeking relief in this Court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3)(A). A petitioner's failure to first obtain authorization from the Ninth Circuit "depriv[es] the District Court of jurisdiction to hear his claims." *Burton v. Stewart*, 549 U.S. 147, 149 (2007). The Ninth Circuit "may authorize the filing of the second or successive [petition] *only* if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Id.* at 153 (emphasis added).

In the 2011 Petition, Petitioner sought § 2254 relief based on the same state sentence and conviction that is at issue here. This Court denied that petition on the merits and with prejudice. (*Jacobs*, No. CV 11-7463-PSG (FFM), Dkt. Nos. 12, 18, 19.) Neither the instant Petition nor the Court's independent review of the federal dockets available through the PACER system indicate that the Ninth Circuit has granted Petitioner leave to file the pending second or successive petition. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation marks omitted).

Because Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive § 2254 petition raising the claims alleged in the Petition, this Court lacks jurisdiction to consider it. *Burton*, 549 U.S. at 149, 157; 28 U.S.C. § 2244(b)(3). Accordingly, IT IS ORDERED that: (1) the Petition is DISMISSED; and (2) Judgment shall be entered dismissing this action without

prejudice. If Petitioner receives leave from the Ninth Circuit to raise his claims in a second or successive § 2254 petition in this Court, he may file a habeas petition at that time.

Lastly, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[4] The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED:     November 22, 2023

MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE

---

[4] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack*, 529 U.S. at 484.

5